UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JOE RAETANO, Individually,

      Plaintiff,

v.                                            Case No.

SJS 2301 FOWLER AVE., LLP, a foreign limited
liability partnership,

      Defendant.
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, JOE RAETANO, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, SJS 2301 FOWLER AVE., LLP, a foreign limited liability partnership, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability Code ("FAC").

1. Plaintiff is a Florida resident, lives in Pinellas County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is bound to ambulate in a wheelchair.

2. Defendant's property, SJS Shopping Plaza 2301 E. Fowler Ave. Tampa, Florida 33612, is located in the County of HILLSBOROUGH.

3. Venue is properly located in the MIDDLE DISTRICT OF FLORIDA because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA and FAC compliant. The Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and have endangered his safety. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

6. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA and FAC. Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals. Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's property if he wishes to do so free of discrimination.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public

accommodation that the Defendant owns, operates, leases or leases to is known as SJS Shopping Plaza 2301 E. Fowler Ave. Tampa, Florida 33612.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA and FAC with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit SJS Shopping Plaza on Fowler Ave. in Tampa not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA and FAC so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the SJS Shopping Plaza on Fowler Ave. in Tampa has shown that violations exist. These violations include, but are not limited to:

**Parking**

1. The accessible parking space provide on the building have ramp projecting into the accessible parking space in violation of ADAAG 4.6.3. This ramp also has a slope exceed 1:12 in violation of ADAAG 4.7

2. There is an insufficient amount of Accessible parking at the facility as per ADAAG 4.1.2.5a

3. The accessible route from the accessible parking spaces do not, to the maximum extent feasible, coincide with the route for the general public nor are the parking spaces properly dispersed per ADAAG 4.3.

4. The Parking spaces and access aisles are not level; the access aisles project into the space and there surface slopes exceed 1:50 (2%) in all directions. In violation of ADAAG 4.6.3

5. There is a change of level exceeding 1/4" from the side walk to the existing entrance in violation of 4.5.2

6. The accessible parking spaces are not located closest to the accessible entrances nor are they properly dispersed in violation of ADAAG 4.6.

**Entrance Access and Path of Travel**

7. The clear width and/or maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6, 4.13.7 of the ADAAG.

8. The door opening force exceeds 4.13.11 ADAAG in many of the units.

9. The accessible routes though out many of the facilities are less than the prescribed minimums

**Access to Goods and Services**

10. 5% of the seating is not as prescribed in Adaag Section 5

11. There are permanently designated interior and exterior spaces without proper signage in violation of Section 4.15 of the ADAAG.

12. The seating spaces provided for wheel chair users does not have at least a 30 x 48" clear floor space, which adjoins or overlaps an accessible route. in violation of Section 4.32.2, 4.32.4 of ADAAG.

13. Where food or drink is served at counters exceeding 34 in (865 mm) in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 in (1525 mm) in length minimum is not provided in compliance with 4.32 or service shall be available at accessible tables within the same area which is not available

14. The counters are provided for sales or distribution of goods or services to the public, there is not at least one of each type which shall have a portion of the counter which is at least 36 in (915mm) in length with a maximum height of 36 in (915 mm) above the finish floor in violation of ADAAG 7.3 .

15. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG.  4.16, 4.17. 4.19

16. The  signs  which designate toilet/bath rooms do not comply with 4.30.4, 4.30.5 and 4.30.6, in violation with ADAAG  4.1.3.16.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA and FAC  violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA  and FAC and all of the barriers to access.  The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA  and FAC violations, as set forth above.  The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA  and FAC as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act and FAC .

12. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993,

as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA and FAC.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter SJS Shopping Plaza on Fowler Ave. in Tampa to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and FAC.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied

services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

| | |
|---|---|
| John J. Dingfelder . | Thomas B. Bacon, P.A. |
| Of Counsel - Thomas B. Bacon, P.A. | 4868 S.W. 103rd Ave. |
| 3006 San Carlos St. | Cooper City,  FL 33328 |
| Tampa, FL 33629 | 954-478-7811 |
| 813-495-8838 | fx 954-237-1990 |
| john@dingfelderlaw.com | tbb@thomasbaconlaw.com |
| Florida Bar No. 829129 | Florida Bar. Id. No. 139262 |
| By: _____ | By: _____ |
| John J. Dingfelder, Esq | Thomas B. Bacon, Esq. |